IN THE SUPREME COURT OF THE STATE OF DELAWARE

PHILLIP L. BREWER, §
§
Defendant Below, § No. 126, 2015
Appellant, §
§ Court Below—Superior Court
v. § of the State of Delaware,
§ in and for Sussex County
STATE OF DELAWARE, §
§ Cr. ID No. 1009018564
Plaintiff Below, §
Appellee. §

Submitted: May 26, 2015
Decided: July 30, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 30th day of July 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Phillip Brewer, filed this appeal from the Superior Court's denial of his second motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Brewer's opening brief that his appeal is without merit.[1] We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2) On April 27, 2011, Brewer resolved charges in three different cases by pleading guilty to Possession with Intent to Deliver Cocaine, Maintaining a Vehicle for Keeping Controlled Substances, Resisting Arrest with Force, and Tampering with Physical Evidence. Brewer was sentenced to a total of twenty-seven years of Level V incarceration, to be suspended after serving twenty mandatory years as a habitual offender for decreasing levels of supervision. Brewer did not file a direct appeal.

(3) On May 2, 2012, Brewer filed his first motion for postconviction relief under Rule 61. Brewer contended that his counsel was ineffective because he did not communicate with him during the sentencing proceeding, he did not convey the sentencing range correctly, he failed to investigate and develop mitigating evidence for sentencing, and he failed to argue that Brewer was eligible for good time credit. After receiving a response from Brewer's former counsel, the Superior Court denied Brewer's motion for postconviction relief as untimely under Rule 61(i)(1) and without merit. On appeal, this Court concluded that Brewer's motion for postconviction relief was timely, but affirmed the Superior Court's holding that Brewer's claims were without merit.[2]

(4) On January 21, 2015, Brewer filed his second motion for postconviction relief. Brewer argued that: (i) the State's failure to disclose

---

[2] *Brewer v. State*, 2013 WL 166447, at *1-2 (Del. Jan. 15, 2013).

2

misconduct at the Office of Chief Medical Examiner ("OCME") while his case was pending violated his due process rights; (ii) the State's failure to disclose misconduct at the OCME violated his right to cross-examine the witnesses against him; (iii) the State's failure to disclose evidence of misconduct at the OCME misled him regarding the integrity of the chain of custody and the analysis of the suspected drugs; (iv) the tests and examinations performed by the forensic chemist failed to satisfy the *Daubert/Nelson* requirements for admissibility of scientific evidence; and (v) his former counsel was ineffective for failing to investigate the State's evidence and misjudging the reliability and admissibility of the OCME report. On February 13, 2015, the Superior Court denied the motion, holding that Brewer's claims were untimely and repetitive under Rule 61(i) and, alternatively, without merit based upon Brewer's admissions during his guilty plea colloquy. On February 23, 2015, the Superior Court denied Brewer's motion for reargument. This appeal followed.

(5) We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[3] The procedural requirements of Rule 61 must be considered before any substantive issues are addressed.[4] In his opening brief, Brewer argues that the Superior Court erred in denying his motion

---

[3] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[4] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

3

for postconviction relief because he pled colorable claims of a miscarriage of justice due to a constitutional violation that undermined the fairness of the proceedings under Rule 61(i)(5). Brewer specifically argues that impermissible government conduct (misconduct at the OCME) rendered his guilty plea involuntary because he would not have pled guilty had the State disclosed the problems at the OCME. We conclude that the Superior Court did not err in denying Brewer's second motion for posconviction relief.

(6) First, the Rule 61(i)(5) language that Brewer relies upon did not apply to the second motion for postconviction relief he filed on January 21, 2015. Effective June 4, 2014, Rule 61 provided:

> (2) *Second or subsequent postconviction motions.* A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either:
>
> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
>
> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[5]

---

[5] Super. Ct. R. 61(d)(2) (2014).

Under Rule 61(d)(2), summary dismissal of the postconviction motion was appropriate because it was Brewer's second motion under Rule 61 and Brewer was convicted after a guilty plea, not a trial.

(7)    Second, even assuming that Rule 61(i)(5) applied to Brewer's second motion for postconviction relief, Brewer has not pled a colorable claim of a miscarriage of justice. In *Brown v. State*,[6] this Court rejected the defendant's postconviction claim that he was entitled to withdraw his guilty plea based on newly discovered evidence of a criminal investigation into misconduct at the OCME. We held, in the context of that case, that the defendant's knowing, intelligent, and voluntary guilty plea waived any right he had to test the strength of the State's evidence against him at trial, including the chain of custody of the drug evidence.[7]

(8)    In his guilty plea colloquy, Brewer affirmed that he was "guilty of possession with intent to deliver cocaine."[8] At no point has Brewer argued that he was actually innocent. As we emphasized in affirming the denial of Brewer's first motion for postconviction relief, Brewer's guilty plea was knowing and voluntary.[9]

---

[6] 108 A.3d 1201 (Del. 2015).

[7] *Id.* at 1205-06.

[8] State's Motion to Affirm, Ex. C. at 12.

[9] *Brewer v. State*, 2013 WL 166447, at *2.

Brewer is therefore bound by the statements he made to the Superior Court before his plea was accepted and he is prevented from reopening his case to make claims that do not address his guilt and involve impeachment evidence that would only be relevant at a trial.[10]

(9)   Brewer's reliance on decisions based upon language in *Brady v. United States*[11] does not change this result.  In *Brady*, the United States Supreme Court held that "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise."[12]   The Court clarified that "[o]f course, the agents of the State may not produce a plea by actual or threatened physical harm or by mental coercion overbearing the will of the defendant."[13]  As long as the defendant can "with the help of counsel, rationally weigh the advantages of going to trial against the advantages of pleading guilty," the Court determined there is no constitutional cause for concern.[14]

---

[10] *Brown v. State*, 108 A.3d at 1202. *See also Brown v. State*, 2015 WL 3372271, at *2 (Del. May 22, 2015) (holding defendant who entered knowing and voluntary guilty plea did not overcome Rule 61(i) procedural hurdles with OCME claims).

[11] 397 U.S. 742 (1970).

[12] *Id.*

[13] *Id.* at 750.

[14] *Id.*

6

(10) Brewer has failed to allege any improper coercion that undermined his ability to rationally weigh the advantages or disadvantages of trial. Nothing in Brewer's opening brief suggests that he was strong-armed by State agents. Instead, Brewer claims that the positive OCME drug test results were a significant factor in his decision to plead guilty and that he would not have pled guilty if he had known of the misconduct at the OCME. Brewer fails, however, to tie any of the OCME misconduct to the facts of his case. Brewer has not shown that his guilty plea was the result of improper coercion and does not claim to be actually innocent. Under these circumstances, we conclude that the Superior Court did not err in denying Brewer's second motion for postconviction relief and motion for reargument.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/Karen L. Valihura
Justice

7